IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

Donald C. Richards,          )
                             )
            Plaintiff,       )
                             )
vs.                          )
                             )
Martha Jane Moore, M.D.,     )
Heather Brock, ANP,          )
Shirley Fraser, M.D. and     )
Anchorage Neighborhood       )
Health Center, Inc.,         )
                             )
            Defendants.      )
_____) Case No. 3AN-11-11479 CI

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES plaintiff, through the law firm of Dillon & Findley, P.C., and for his respective causes of action, alleges as follows:

1. Plaintiff, Donald C. Richards is and has been during all relevant times herein, a resident of Anchorage, Alaska.

2. Defendant Martha Jane Moore, M.D. is a medical doctor who is licensed by the State of Alaska and during all relevant times, on information and belief, a resident of Anchorage, Alaska.

*Donald C. Richards v. Martha Jane Moore, MD, et al.*
Case No. 3AN-11-11479 CI
PLAINTIFF'S FIRST AMENDED COMPLAINT
Page 1 of 8

Case 3:12-cv-00148-SLG   Document 1-1   Filed 07/27/12   Page 1 of 8

3. Defendant Heather Brock is an ANP who is licensed by the State of Alaska and during all relevant times, on information and belief, a resident of Anchorage, Alaska.

4. Shirley Fraser, M.D. is a medical doctor who is licensed by the State of Alaska and during all relevant times, on information and belief, a resident of Anchorage, Alaska.

5. Defendant Anchorage Neighborhood Health Center, Inc. is, on information and belief, a health care facility licensed by the State of Alaska during all relevant times, and is the entity through which Dr. Moore, Dr. Fraser, and Heather Brock, ANP practice medicine.

6. Jurisdiction in this court is proper under AS 22.10.020. Venue is proper under AS 22.10.030 and Alaska Civil Rule 3.

### Factual Background

7. On October 13, 2009, plaintiff presented as a new patient to defendant Anchorage Neighborhood Health Center, Inc. where he was seen and evaluated by defendant Martha Jane Moore, M.D.

8. Plaintiff complained of numerous neurological symptoms including, transient urinary retention, lower extremity weakness, and neuropathic pain. He also presented with a somewhat uncoordinated gait and demonstrated profound

Donald C. Richards v. Martha Jane Moore, MD, et al.
Case No. 3AN-11-11479 CI
PLAINTIFF'S FIRST AMENDED COMPLAINT
Page 2 of 8

Case 3:12-cv-00148-SLG   Document 1-1   Filed 07/27/12   Page 2 of 8

psychomotor agitation. Despite this unusual presentation, no neurological examination was performed and no referral offered or recommended.

9. Between October and December 2009, plaintiff continued to see Dr. Moore with continuing and progressive neurological complaints. On December 11, 2009, Dr. Moore performed a neurological examination that was significantly abnormal. Dr. Moore told plaintiff that she would pursue a referral to a neurologist.

10. Between December 2009 and February 2010, plaintiff continued to present to defendant Anchorage Neighborhood Health Center, Inc. where he was seen by Dr. Moore on February 11, 2009 and otherwise by ANP Heather Brock with continued abnormal neurological signs and symptoms. He was seen by Dr. Shirley Fraser at the clinic on February 24, 2010 where a neurological examination was performed with significant and progressive findings demonstrating bilateral foot drop and sensory loss as well as an abnormal gait.

11. Despite a continued decline in neurological function, plaintiff was not treated or referred to the emergency room, to a neurologist or other appropriate physician until March 2010 despite the fact that a February 23, 2010 MRI was provided to Dr. Moore and/or the Anchorage Neighborhood Health Center, Inc.

Donald C. Richards v. Martha Jane Moore, MD, et al.
Case No. 3AN-11-11479 CI
PLAINTIFF'S FIRST AMENDED COMPLAINT
Page 3 of 8

Case 3:12-cv-00148-SLG   Document 1-1   Filed 07/27/12   Page 3 of 8

showing an abnormal thoracic cord finding describing differentially what could be representing a cord infarct, transverse myelitis, or infiltrative neoplasm.

12. After further decline, plaintiff was later administered methylprednisolone by a referring neurologist in April 2010.

13. Plaintiff continued to see either Dr. Moore or ANP Heather Brock over the summer of 2010 with no further treatment to address his neurological decline.

14. On May 25, 2010 biopsies were performed and they were reported on May 28, 2010 to be diagnostic for transverse myelitis. By that time and before, plaintiff was suffering from irreversible neurological injuries.

### Count I - Negligence

Plaintiff incorporates paragraphs 1 through 14 as if fully set forth herein and further alleges as follows:

15. Defendant Martha Jane Moore, M.D. fell below the standard of care for a physician trained in either family practice medicine or internal medicine or without any practice specialty and was otherwise negligent and/or reckless in her failure to timely diagnose, treat, refer, and/or send plaintiff to the emergency room or an appropriate practice specialty for

*Donald C. Richards v. Martha Jane Moore, MD, et al.*
Case No. 3AN-11-11479 CI
PLAINTIFF'S FIRST AMENDED COMPLAINT
Page 4 of 8

Case 3:12-cv-00148-SLG   Document 1-1   Filed 07/27/12   Page 4 of 8

his presenting signs and symptoms, progressive signs and symptoms, and ultimately, paraparesis.

16. As a direct and proximate cause of Dr. Moore's negligent and/or reckless conduct as above alleged, plaintiff has suffered severe, permanent, and irreversible injuries, past and future medical and life care expenses, future wage losses, pain and suffering, emotional distress, loss of enjoyment of life and lost his chance of a better or complete recovery.

### Count II - Negligence

Plaintiff incorporates paragraphs 1 through 16 as if fully set forth herein and further alleges as follows:

17. Defendant ANP Heather Brock fell below the standard of care for an adult nurse practitioner trained in either family practice medicine, internal medicine or any ANP practice and was otherwise negligent and/or reckless in her failure to timely diagnose, treat, refer, and/or send plaintiff to the emergency room or to an appropriate practice specialty for his presenting signs and symptoms, progressive signs and symptoms, and ultimately, paraparesis.

18. As a direct and proximate cause of ANP Heather Brock's negligent and/or reckless conduct as above alleged, plaintiff has suffered severe, permanent, and irreversible injuries, past and future medical and life care expenses, future wage losses,

*Donald C. Richards v. Martha Jane Moore, MD, et al.*
Case No. 3AN-11-11479 CI
PLAINTIFF'S FIRST AMENDED COMPLAINT
Page 5 of 8

Case 3:12-cv-00148-SLG   Document 1-1   Filed 07/27/12   Page 5 of 8

pain and suffering, emotional distress, loss of enjoyment of life and lost his chance of a better or complete recovery.

### Count III - Negligence

Plaintiff incorporates paragraphs 1 through 18 as if fully set forth herein and further alleges as follows:

19. Defendant Shirley Fraser, M.D. fell below the standard of care for a physician trained in the field of neurology or without any practice specialty and was otherwise negligent and/or reckless in her failure to timely diagnose, treat, refer, and/or send plaintiff to the emergency room or an appropriate practice specialty for his presenting signs and symptoms, progressive signs and symptoms, and ultimately, paraparesis.

20. As a direct and proximate cause of Dr. Fraser's negligent and/or reckless conduct as above alleged, plaintiff has suffered severe, permanent, and irreversible injuries, past and future medical and life care expenses, future wage losses, pain and suffering, emotional distress, loss of enjoyment of life and lost his chance of a better or complete recovery.

### Count IV - Vicarious Liability

Plaintiff incorporates paragraphs 1 through 20 as if fully set forth herein and further alleges as follows:

21. As the supervisor of ANP Heather Brock, Dr. Moore is vicariously liable for her acts or omissions and/or as the

*Donald C. Richards v. Martha Jane Moore, MD, et al.*
Case No. 3AN-11-11479 CI
PLAINTIFF'S FIRST AMENDED COMPLAINT
Page 6 of 8

Case 3:12-cv-00148-SLG   Document 1-1   Filed 07/27/12   Page 6 of 8

employer, contractor, and/or agent of ANP Heather Brock, Dr. Moore, and/or Dr. Fraser, Anchorage Neighborhood Health Center, Inc. is vicariously liable for their respective acts or omissions.

22. To the extent that Dr. Moore and/or Dr. Fraser, and/or ANP Brock's conduct is (are) found to be negligent and/or reckless, Anchorage Neighborhood Health Center, Inc. and/or Dr. Moore is/are vicariously liable for their conduct.

### Count V - Informed Consent

Plaintiff incorporates paragraphs 1 through 22 as if fully set forth herein and further alleges as follows:

23. Neither Dr. Moore, Dr. Fraser, ANP Heather Brock nor any of the health care providers at Anchorage Neighborhood Health Center, Inc. provided plaintiff with sufficient information to allow him to make an informed decision as to treatment options, the severity or urgent nature of his condition, and/or the need to obtain appropriate treatment and diagnosis on an emergent or urgent basis.

24. As a direct and proximate cause of the defendants' failure to provide adequate informed consent, either individually or collectively, plaintiff has suffered severe, permanent, and irreversible injuries, past and future medical and life care expenses, future wage losses, pain and suffering,

*Donald C. Richards v. Martha Jane Moore, MD, et al.*
Case No. 3AN-11-11479 CI
PLAINTIFF'S FIRST AMENDED COMPLAINT
Page 7 of 8

Case 3:12-cv-00148-SLG   Document 1-1   Filed 07/27/12   Page 7 of 8

emotional distress, loss of enjoyment of life and lost his chance of a better or complete recovery.

WHEREFORE, plaintiff prays for relief as follows:

1. For compensatory damages, in excess of $100,000.00, the exact amount to be proven at trial, including, but not limited to, pain and suffering, severe, permanent, and irreversible injuries, past and future medical and life care expenses, future wage loss, emotional distress, loss of enjoyment of life, and loss of chance of a better or complete recovery.

2. Costs and attorney's fees; and

3. Other relief as the Court deems just and proper.

DATED this 4th day of January 2012, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiff

By: _____
Ray R. Brown
ABA No. 8206012

*Donald C. Richards v. Martha Jane Moore, MD, et al.*
Case No. 3AN-11-11479 CI
PLAINTIFF'S FIRST AMENDED COMPLAINT
Page 8 of 8

Case 3:12-cv-00148-SLG   Document 1-1   Filed 07/27/12   Page 8 of 8